Lester & Taylor, of Waco, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted of the theft of two mules, and his punishment fixed at four years' confinement in the penitentiary. The evidence is amply sufficient to sustain the verdict.

[1] The application for a continuance shows such a lack of diligence to procure the attendance of witnesses as to justify the court in overruling it. Giles v. State, 148 S. W. 317. Besides, the testimony, admissions, and statements of the appellant himself are so unreasonable, contradictory, and confusing as to clearly justify the court to believe none of the claimed absent witnesses, none of whom had ever been subpoenaed, would testify as claimed by him, and, if they had, that their testimony would not probably be true, and would not have changed the result of the trial.

[2] The court did not err in not giving appellant's requested charge on circumstantial evidence. The admissions and testimony of the appellant himself unquestionably show that he took the mules at the time and place they were stolen, and he was, within two or three hours thereafter, caught in the actual possession thereof some 12 or 14 miles from where he had taken them. It is only when the case is proven by circumstantial evidence alone that a charge on circumstantial evidence is necessary. Section 813, subd. 2, p. 531, White Code Cr. Proc.

The court gave a full and fair charge in the case, submitting every issue in any way raised by the testimony, all of which was found against appellant, with the amplest evidence to support it.

The judgment is affirmed.

---

## HOWARD v. STATE.

(Court of Criminal Appeals of Texas. March 5, 1913.)

CRIMINAL LAW (§ 1090*)—APPEAL AND ERROR—RECORD—SUFFICIENCY.

Questions raised by motion for a new trial cannot be reviewed, in absence of a bill of exceptions and a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from Criminal District Court, Dallas County; Barry Miller, Judge.

Fletcher Howard, alias Lee Coleman, was convicted of swindling, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. In one count appellant was indicted for swindling, the property alleged to be worth $167.87. In another count appellant was indicted for the theft of the same property. Both counts were submitted to the jury for a finding. The verdict is general, and finds him guilty as charged in the indictment, and fixes his punishment at two years' confinement in the penitentiary.

There is no statement of facts and no bill of exception. Without these there is no question raised by the motion for new trial which the court can review. Therefore the judgment is affirmed.

---

## PARKER v. STATE.

(Court of Criminal Appeals of Texas. March 5, 1913.)

CRIMINAL LAW (§ 1097*) — APPEAL — STATEMENT OF FACTS—NECESSITY.

An order on a motion for a new trial for insufficiency of evidence cannot be considered, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Amos Parker was convicted of burglary, and appeals. Affirmed.

See, also, 154 S. W. 547.

C. E. Lane, Asst. Atty. Gen., for the State.

(Court of Criminal Appeals of Texas. March 5, 1913.)

CRIMINAL LAW (§ 1097*) — APPEAL — STATEMENT OF FACTS—NECESSITY.

An order on a motion for a new trial on the ground that the verdict was contrary to law and the evidence cannot be reviewed, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Amos Parker was convicted of crime, and appeals. Affirmed.

See, also, 154 S. W. 547.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. The only ground in the motion for new trial alleges "that the verdict is contrary to the law and the evidence." As there is no statement of facts accompany-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ing the record, we cannot intelligently pass on that ground, and there is nothing to review.

The judgment is affirmed.